UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Harold Green,<br><br>                    Plaintiff;<br><br>vs.<br><br>State of SC;<br>County of Berkeley;<br>Family Court;<br>Paul Labarron;<br>Sandy Holland;<br>Jack A. Landis;<br>Wayne M. Creech;<br>John Doe;<br>Jane Doe,<br><br>                    Defendants. | C/A No. 6:10-396-TLW-WMC<br><br><br><br><br><br><br><br><br>**Report and Recommendation** |

      The Plaintiff, Nathaniel Harold Green (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff, who is currently confined at the Hill-Finklea Detention Center, files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names several defendants, to include the State of South Carlina, two Family Court Judges, an attorney who formerly represented the Plaintiff, and a local governmental entity, the County of Berkeley.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

**Pro Se and *In Forma Pauperis* Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject

to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Background**

Plaintiff states that he was arrested and transported to the Hill-Finklea Detention Center on October 12, 2009. Plaintiff does not provide the reason for his arrest, but claims that he sent an "ex parte" letter to the presiding judge[3], which was "intercepted" by Defendant Sandy Holland. Plaintiff indicates that his family also sent a letter to the judge, and Plaintiff was released from jail. *See* Plaintiff's Complaint, page 3.

Plaintiff next discusses a request for information pursuant to the Federal Freedom of Information Act (FOIA), codified at 5 U.S.C. § 552 *et seq*. Plaintiff states that he sent at least three requests for information to the Department of Social Services (DSS), "because [DSS has] the (facts) that [are] being cover[ed] up." *Id.* Plaintiff also sent a letter to Defendant Paul Labarron "for bond number and carrier, 2nd request for records and declaratory order." *Id.* Plaintiff further alleges that Defendant Labarron "hired some attorney" to represent Plaintiff in a hearing before Defendant Judge Jack A. Landis.

---

[3] Plaintiff identifies the presiding Judge as Judge Cate. Jocelyn B. Cate is a Family Court Judge for the Ninth Judicial Circuit in South Carolina. While Plaintiff mentions Judge Cate in the body of the complaint, he did not list this individual in the complaint's caption or on any of the proposed service documents. Therefore, Judge Cate does not appear as a defendant on the Court's docket.

Plaintiff indicates that he objected to the unidentified attorney's services, and "sent him a letter" to that effect. *See* Plaintiff's Complaint, page 4.

On May 7, 2009, a warrant was issued for non-support and Plaintiff was arrested. Plaintiff again discusses an "ex parte letter" that was "intercepted by family court." *Id.* While it is unclear whether this is the same letter discussed earlier in the complaint, Plaintiff apparently believes there is some connection between the "intercepted" letter and the issuance of his arrest warrant by Judge Wayne M. Creech. Plaintiff claims that his May 2009 arrest constitutes a "fraudulent" or "false" charge. *See* Plaintiff's Complaint, pages 4, 6. Plaintiff seeks monetary damages for the Defendants' actions. *See* Plaintiff's Complaint, page 6.

## **Discussion**

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff names several Defendants who are immune from suit under § 1983. First, the Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, Magistrate's Courts, and Municipal Courts are in a unified judicial system. *See* S.C. CONST. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142 (1975).

As South Carolina Family Court Judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). In the instant action, Plaintiff names two Family Court Judges, Jack A. Landis and Wayne M. Creech, as Defendants. Plaintiff's claim against these two Defendants is based on the following judicial actions: (1) Judge Creech's issuance of an arrest warrant; and (2) unspecified actions taken by Judge Landis

5

during a hearing. As such, Defendants Creech and Landis are absolutely immune from Plaintiff's claim for damages, and are entitled to summary dismissal from this action.

Next, Plaintiff names the State of South Carolina and the Family Court as Defendants. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities, such as the Family Court, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). As the State of South Carolina and Family Court are protected from a suit, brought pursuant to § 1983, by Eleventh Amendment immunity, these Defendants are also entitled to summary dismissal from the instant action.[4]

---

[4] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e)(statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

Plaintiff also identifies one of the Defendants, Paul Labarron, as an attorney who represented the Plaintiff. However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff's claims against Defendant Labarron stem from this Defendant's legal representation of the Plaintiff. Therefore, Defendant Labarron is not a "state actor" amenable to suit under § 1983, and should be dismissed from this case.

Further, to the extent Plaintiff names the County of Berkeley for a violation of his constitutional rights, such a claim must fail. Municipal liability is based on execution of a governmental policy or custom, *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), and a municipality may not be held liable under § 1983 solely because it employs the tort-feasor. Rather, a Plaintiff must identify a municipal "policy" or "custom" that caused the Plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997); *Kirby v. City of Elizabeth City, North Carolina,* 388 F.3d 440, 451 (4th Cir. 2004). The instant complaint fails to identify any policy or custom of the County of Berkeley, which caused Plaintiff's federal rights to be violated. Therefore, Plaintiff fails to state a claim against this Defendant, and the County of Berkeley is entitled to dismissal from this action.

Plaintiff's claims against the only remaining identified Defendant, Sandy Holland, are difficult to discern. While Plaintiff alleges that Defendant Holland "intercepted" a letter

written by the Plaintiff to the Family Court, he provides no information regarding Defendant Holland's connection to the Family Court System.  However, reading Plaintiff's complaint liberally, it is assumed that Plaintiff names Defendant Holland as a "state actor," who interfered with Plaintiff's right to court access.

Case law mandates that "a prisoner must provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts."  *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).  Further, it is well established that, in order to state a constitutional claim for denial of meaningful court access, an inmate must allege specific injury resulting from the alleged denial.  *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury"); *Michau v. Charleston Co.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").

The instant complaint alleges that Defendant Holland intercepted Plaintiff's letter to the Family Court, and failed to forward the correspondence to a judge.  While Plaintiff fails to indicate the type of information contained in the letter, it appears the correspondence was somehow related to Plaintiff's October 12, 2009, arrest and detention.  Plaintiff then states that his family also mailed a letter, which was received by the judge, resulting in Plaintiff's release from jail.  Plaintiff provides no factual information to indicate that

Defendant Holland's alleged interception of his letter caused Plaintiff any injury, much less an injury of constitutional magnitude. Instead, the facts demonstrate that Plaintiff's information, which apparently prompted his release from detention, was ultimately received by the Family Court.

Plaintiff again mentions an "intercepted" letter in connection with his May 7, 2009, arrest. It is unclear, from the pleading, whether this is the same letter Plaintiff refers to earlier in the complaint. In any event, Plaintiff appears to believe that, had the letter in question been received by the Family Court, Defendant Judge Creech would not have issued the warrant for Plaintiff's arrest on May 7, 2009. However, Plaintiff provides no factual support for this speculative claim. *See U.S. v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966)(finding speculative claim insufficient to support a finding of actual prejudice in case alleging constitutional violation based on failure to provide a speedy trial). *See also Cochran v. Morris*, 73 F.3d at 1317("Specificity is necessary so that [State] officials are not required to file unnecessary responses to speculative allegations"). As Plaintiff fails to indicate how he was injured by the alleged confiscation of his mail, any access to court claim Plaintiff may be attempting to allege against Defendant Holland is subject to summary dismissal.

Plaintiff also cites to the Federal Freedom of Information Act (FOIA) in the complaint. It is not entirely clear from the pleading what information Plaintiff was seeking pursuant to the FOIA, or from whom the information was requested. However, Plaintiff indicates that he made several requests for information from both the Department of Social Services and Plaintiff's attorney, Defendant Labarron. The Federal FOIA is applicable to agencies or departments of the Government of the United States, and is not applicable to

9

agencies or departments of a State. *See*, *e.g.*, *Grand Cent. Partnership, Inc. v. Cuomo*,166 F.3d 473, 484 (2d Cir. 1999) ("it is beyond question that FOIA applies only to federal and not to state agencies"); *Philip Morris, Inc., v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA . . . applies only to federal executive branch agencies"); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (definition of "agency" under FOIA "does not encompass state agencies or bodies"); *Johnson v. Wells*, 566 F.2d 1016, 1018 (5th Cir. 1978) (state board of parole not agency within meaning of FOIA). In this action, Plaintiff attempts to bring a claim, regarding violation of the FOIA, against a State agency and a private attorney. As Plaintiff fails to name any federal entity, which could be subject to the Federal FOIA, this claim is subject to summary dismissal.

Finally, Plaintiff claims that his arrest, on May 7, 2009, constituted a fraudulent or false charge. Liberally construed, Plaintiff appears to be alleging a claim of false arrest. However, Plaintiff's complaint fails to identify any law enforcement officer personally involved in the May 7th arrest. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). As Plaintiff's provides no factual information to indicate that any of the named Defendants acted as an arresting officer on May 7, 2009, any false arrest claim Plaintiff may be alleging is subject to dismissal.

However, even had Plaintiff named an arresting officer as a defendant in this action, his false arrest claim would still fail. To state a claim for false arrest, a plaintiff must claim an arrest was made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir.1998) ("A claim for false arrest may be considered only when no arrest warrant has

10

been obtained."); *Harrison v. Sumter County Sheriff's Dept.*, C.A. No. 2:07-3555-PMD-GCK, 2008 WL 553181 at *3 (D.S.C. February 25, 2008). Plaintiff's complaint indicates that a warrant, for failure to pay child support, was issued prior to his arrest. As such, Plaintiff's complaint fails to state a cognizable false arrest claim, and the instant action is subject to summary dismissal for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

March 4, 2010  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).